**In re IVAN F. BOESKY SECURITIES LITIGATION.**

MDL No. 732,
M–21–45–MP.

United States District Court,
S.D. New York.

June 22, 1988.

---

## OPINION

MILTON POLLACK, Senior District Judge.

During the pendency of a motion to certify classes in these consolidated proceedings and to name two of the plaintiffs as class representatives of certain subclasses, three defendant stockbrokerage firms and certain individual defendants, employees of those firms, moved under the Arbitration Act, 9 U.S.C. §§ 2 et seq., to compel the two plaintiffs to arbitrate their claims herein under the rules of the Pacific Stock Exchange, and meanwhile to stay those claims. In addition to seeking arbitration, the moving defendants have asserted further objections to the two plaintiffs acting as representatives of the classes in general. For the reasons that appear hereafter, the motions will be held in suspense pending the results of the notice hereafter directed to be sent to the putative class members.

The consolidated complaint is brought on behalf of four separate classes of claimants, with a total of 12 subclasses in three of the classes. The plaintiffs, Richard James French and Donald Abramson, have been proposed as representatives, respectively, of two and one of the subclasses; for convenience, they will be referred to hereafter as "the plaintiffs," although they are only some of the named plaintiffs in the consolidated proceedings.

The brokerage firm defendants, Kidder, Peabody & Co. Incorporated ("Kidder"), Drexel Burnham Lambert Incorporated ("Drexel") and Goldman, Sachs & Co. ("Goldman"), as, inter alia, controlling persons, and certain of their individual employees, named as conspirators with defendant Ivan F. Boesky or others, have been charged with illicit insider trading of securities on the Pacific Stock Exchange ("PSE") in the common stock of Houston Natural Gas Corp. ("HNG") and in the put options of Unocal Corporation ("Unocal"). The brokerage firms involved in the arbitration motion and those associated with them as employees and named in the action as defendants will be referred to herein for the purposes of these motions as "the defendants," although they are only a few of those named as such in these consolidated actions.

The plaintiffs and the brokerage firm defendants are members of the PSE and their employees, individual defendants herein, are persons associated with the firms and have asked to join in the relief requested claiming they are also subject to

the arbitration rules of the PSE in respect to covered securities transactions.

The defendants contend that the plaintiffs are unsuitable representatives of the subclasses sought to be certified, because they allegedly are subject to arbitration which might result in a stay of their personal claims and because their specific interests as professionals in the securities field are not the same as, or consistent with, those of the putative classes whom they would represent. Fed.R.Civ.P. 23(a) and (b).

*Discussion*

The defendants assert a contract right, as members of the PSE, to compel the plaintiffs to submit their claims in this lawsuit to the PSE for arbitration; that contract right derives from their application and election to membership and signature of the Constitution of the Exchange by which the applicant pledges himself, and any member firm, and any member firm he may then or subsequently represent, to abide by the Constitution of the Exchange and all rules and regulations pursuant thereto in existence at the time, or as amended, revised or supplemented. The plaintiffs and the brokerage defendants, to become members, signed the Constitution of the PSE.

The Constitution of the PSE provides that "[a] dispute, claim or controversy arising in connection with the securities business of a member, member organization and/or associated person *may* be submitted to arbitration pursuant to Rules of the Exchange." Article XII, Sec. 1 (Emphasis supplied).

Rule XII of the Exchange, on the other hand, states that, at the request of any member, any dispute with another member *shall* be submitted to the PSE for arbitration. (Emphasis supplied). Rule XII, Sec. 1(a), reads:

Any dispute, claim or controversy between parties who are members, member organizations or associated persons arising in connection with the securities business of such parties shall, at the request

of any such party, be submitted for arbitration in accordance with this Rule.

The Exchange is not obligated to accept an arbitral role. Section 1(e) of Rule XII provides:

Under this Rule, the Exchange shall have the right to decline the use of its arbitration facilities in any dispute, claim or controversy, where having due regard for the purposes of the Exchange, and the intent of this Rule, such dispute, claim or controversy is not a proper subject matter for arbitration.

A question to be considered on the motion is whether the type of claims sought by defendants to be presented for Exchange arbitration is within the contemplation of the arbitration rules; that is, whether having due regard for the purposes of the Exchange, and the intent of the Rule, the dispute is a proper subject matter for PSE arbitration.

The defendants contend that the dealings in the alleged conspiracy arise "in connection with the securities business of [the] parties." The alleged injuries asserted in the complaint were allegedly caused by the trading activities of Kidder, by the tipping of information by Goldman employees, and in the case of French, by the alleged illegal trading and tipping of Drexel employees as well.

However, a preliminary question to be considered, apart from the arbitrability matter which essentially goes to the procedural question of who should represent the class, is whether the affected class members themselves have any objection to the plaintiffs acting for them in a representative capacity. Even when a class action is maintained under subdivision (b)(3), the individual interest of putative class members is respected. Thus, the Court is required to direct notice to the members of the class of the right of each member to be excluded from the class upon request. This includes the opportunity of members of the class to signify whether they consider the representation fair and adequate and to permit members of the class to object to the proposed representation. Members of the

class are entitled to notice of objections that are asserted against their "representatives," with an opportunity to express any opposition to the representation. Such notice may indeed encourage interventions to improve the representation of the class; but that is what the Rule permits to avoid collateral matters which inevitably side-track the merits. *See* Fed.R.Civ.P. 23(d)(2).

> If replacement is needed, the Court may permit intervention by a new representative. If no appropriate substitute is immediately available, notice may be given to the class under Fed.R.Civ.P. 23(d)(2), soliciting intervention.

Manual for Complex Litigation, Second § 30.15, at 216 (footnotes omitted).

Accordingly, until it appears necessary to deal with the unsettled legal question of arbitrability which does not address the merits of the suit overall and to avoid delay of the progress of this class action and to permit the determination and certification of the classes involved and their representation to be resolved expeditiously, it appears appropriate to solicit views of the putative interested class members on the adequacy of these plaintiffs as their representatives and to advise them that any class member may seek to intervene by a specified date to represent the class claims, should they so desire, and thus eliminate any supposed atypicality in representation. It is so ordered and counsel is directed to submit the appropriate notice to be issued.

Meanwhile, decision on the motion to compel arbitration and to stay plaintiffs from proceeding herein as parties will be held in abeyance pending receipt of the results of the notice to the putative class. That may moot, as far as resolution of class questions are concerned, the objections raised and permit the class claims to go forward and leave for another day the solution of interesting unsettled legal questions which do not go to the merits and should be answered without impeding the progress of the case. Deferring a ruling on the unique matter presented by membership in an exchange of two of the many

named plaintiffs will not result in advantage or prejudice to anyone in the lawsuit.

So Ordered.